**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JENNIFER L. MOORE,<br><br>Plaintiff,<br><br>v.<br><br>KERRY HIGGINS, J.S.C., *et al.*,<br><br>Defendants. | Civil Action No. 25-7435 (MAS) (JBD)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on *pro se* Plaintiff Jennifer L. Moore's ("Plaintiff") Amended Complaint[1] (ECF No. 6) and most recent application to proceed *in forma pauperis* (ECF No. 5). Having reviewed the application, the Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, the Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Amended Complaint is dismissed.

[1] Plaintiff filed a Complaint with her application to proceed *in forma pauperis* on June 4, 2025. (*See generally* Compl., ECF No. 1.) Plaintiff filed a "Proposed Amended Complaint" on August 26, 2025. (*See generally* Am. Compl., ECF No. 6.) For the purposes of screening, the Court considers the Proposed Amended Complaint as the operative Amended Complaint in this matter.

## I. BACKGROUND

This matter arises from a custody dispute between Plaintiff and her ex-husband Defendant, Bradley Moore ("Moore"), regarding their son, E.M. (Am. Compl. *5[2] ¶ 4.) E.M. is a minor child with Down Syndrome, special needs, and significant health issues. (*Id.*) Plaintiff and Moore shared custody of E.M. after their separation and eventual divorce. (*Id.* at *4-5, *9 ¶¶ 4, 7, 22.) Plaintiff alleges Moore has a "long[-]time documented history of drug and alcohol abuse[ and] domestic violence" with at least twenty-one complaints filed with the New Jersey Division of Child Protection and Permanency (the "DCPP") against him. (*Id.* at *6 ¶ 8.) These reports "resulted in the oversight and management of the shared minor child [E.M.] by Monmouth County DCPP from July 2023 [to] February 2024[.]" (*Id.*)

On January 13, 2023, New Jersey Superior Court Judge Kerry Higgins ("Judge Higgins"), "without any evidence and/or witnesses and an active DCPP complaint against [Moore], . . . granted a temporary [o]rder to remove [E.M.] from the lifetime primary care" of Plaintiff. (*Id.* at *6 ¶ 9.) Moore was given "temporary residential custody." (*Id.*) On January 19, 2023, Judge Higgins adjusted Plaintiff's visitation rights to twenty-six hours per week. (*Id.* at *6-7 ¶ 10.) Just over a month later, Judge Higgins, "despite the complete lack of evidence and/or witnesses, . . . . refused to return [E.M.] to . . . Plaintiff" and ordered Plaintiff to undergo a psychological evaluation. (*Id.* at *6 ¶ 12.) After evaluation, Plaintiff was diagnosed with Complex Post Traumatic Stress Disorder ("CPTSD") and generalized panic/anxiety disorder and entered an intensive outpatient treatment program. (*Id.* at *7 ¶¶ 14, 15.)

---

[2] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header. The Court notes that Plaintiff repeats some paragraph numbers throughout her Amended Complaint. For clarity, the Court identifies the page number and paragraph number. As an example, the cite "*5 ¶ 4" refers to paragraph 4 found on page 5.

In May and June 2023, Judge Higgins, without "evidence and/or witnesses[,]" further "restrict[ed] . . . Plaintiff's parental rights" by limiting her ability to obtain E.M.'s medical and educational records from any new providers engaged by Moore. (*Id.* at *8 ¶ 18.) Plaintiff was, however, "eventually permitted to attend [E.M.'s] medical and educational appointments and meetings virtually but on mute[.]" (*Id.* at *8-9 ¶ 19.)

The court held several subsequent custody hearings throughout 2023 and the beginning of 2024. (*Id.* at *9-11 ¶¶ 21-23, 25.) One day in June 2024, Plaintiff brought E.M. to the emergency room after a complication with one of E.M.'s ongoing health issues.[3] (*Id.* at *10 ¶ 24.) Plaintiff alleges Moore "showed up and verbally assaulted [her] in front of [E.M.]" (*Id.*) According to Plaintiff, police "remove[d] [Moore] from the treatment room" and this incident resulted in a temporary restraining order "that granted . . . Plaintiff sole custody [of E.M.] and no visitation for [Moore.]" (*Id.*)

Judge Higgins subsequently "restor[ed] . . . Plaintiff's residential custody to 50/50, week on/week off but did not restore . . . Plaintiff's parental rights[.]" (*Id.* at *10-11 ¶ 25.) Judge Higgins also granted Moore the "sole authority to make . . . medical and educational decisions" for E.M. (*Id.*) Plaintiff filed a motion for reconsideration. (*Id.* at *11 ¶ 26.) Prior to ruling on her motion, the court reassigned Plaintiff's case to Superior Court Judge Rockwell and then reassigned it again to Superior Court Judge Rescinio. (*Id.* at *12 ¶¶ 28-30.) The family court eventually denied Plaintiff's motion for reconsideration. (*Id.* at *13 ¶ 33.)

Between August 2023 and November 2024, Plaintiff and Moore filed several additional emergency motions, one of which resulted in the court allowing Plaintiff to "obtain records directly

---

[3] It is unclear how the situation requiring this emergency room visit arose, as it appears from the facts as alleged that Plaintiff did not have custody of E.M. at the time. (*See generally* Am. Compl.)

from [medical] providers and educators[.]" (*Id.* at *12 ¶ 31.) Upon obtaining these records, Plaintiff "was able to see what had been going on for the past year and a half" including a "smear campaign and falsities presented by [Moore] that were slanderous to . . . Plaintiff's character[.]" (*Id.* at *13-14 ¶ 34.) Plaintiff contends these records revealed evidence of "the abuse and injuries she witnessed on [E.M.], . . . doctor shopping by [Moore] to obtain controlled substances for [E.M.], alcohol overdose kits ordered by [Moore] for [E.M.] . . . on two occasions, medical and educational deviations taken by [Moore,] and other unthinkable acts and unexplained absences from school[.]" (*Id.*)

Plaintiff submitted a discovery request, and, in response, Judge Rescinio issued a protective order which granted all parties the right to review the DCPP records that had been submitted to the family court. (*Id.* at *14 ¶¶ 35, 36.) Plaintiff alleges that these records contained "false and erroneous" information that was "presented to the [c]ourt without . . . Plaintiff's knowledge." (*Id.* at *14 ¶ 36.) Plaintiff was never afforded the opportunity to defend against these claims or cross-examine those who made the allegations which "ultimately interfere[d] with . . . Plaintiff['s] civil and constitutional rights." (*Id.*)

Plaintiff brings thirteen causes of action against at least the following persons and entities: Judge Higgins, the DCPP, the State of New Jersey Department of Children and Families (the "DCF"), Tara Rodriguez, Heather Delapa, Kelly Edwards, Stefanie Markus, Andrew Biddulph, Alyssa Bloom, Lauren Brink, Marissa Acquavella, Courtney Clarke, Stacey Francois, Meghan Clemente, Jennifer Dinella, Jacqueline Villanueva, and Moore, all of whom were "involved in the care of special needs minor Plaintiff during relevant periods." (*See generally id.*)

## II. LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, the Court is required to screen her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, the Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)[4], a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do[,]'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (second alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim

---

[4] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. <u>DISCUSSION</u>

### A. *Pro Se* Plaintiff is Not Permitted to Bring Claim on Behalf of E.M.

Plaintiff attempts to assert claims on behalf of herself and her minor child, E.M. (*See generally* Am. Compl.) A plaintiff may not bring an action on behalf of their minor children while proceeding *pro se*. *See Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." (citation omitted)); *Jackson v. Bolandi*, No. 18-17484, 2020 WL 255974, at *4 (D.N.J. Jan. 17, 2020) ("[T]he Third Circuit has upheld the proposition that parents cannot represent their minor children in federal court." (citations omitted)); *Harris-Thomas v. Christina Sch. Dist.*, 145 F. App'x 714, 715 (3d Cir. 2005) (vacating district court's order entering judgment against son "because his mother represented him as a *pro se* litigant" and the mother "was not entitled to represent her son in place of an attorney in federal litigation"). Any claims Plaintiff asserts on behalf of E.M. are, accordingly, dismissed without prejudice.

### B. Plaintiff's Amended Complaint Constitutes an Impermissible Group Pleading

Every pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3);

*Travaline v. U.S. Sup. Ct.*, 424 F. App'x 78, 79 (3d Cir. 2011). Each averment must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Pleadings that violate Rule 8 are sometimes referred to as "shotgun" pleadings or impermissible "group" pleadings. *Foulke v. Township of Cherry Hill*, No. 23-2543, 2024 WL 3568841, at *7 (D.N.J. July 29, 2024) (collecting cases). A shotgun pleading or impermissible group pleading "fails to specify which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* (quoting *Morales v. New Jersey*, No. 21-11548, 2023 WL 5003891, at *4 (D.N.J. Aug. 3, 2023)). This Court routinely dismisses complaints that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at *8 (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015)); *see also Risis v. Solakian*, No. 23-4188, 2026 WL 1878599, at *4 (D.N.J. June 30, 2026) ("[B]ecause all counts in the complaint appear to be brought against all [d]efendants without differentiating alleged conduct as to any individual defendant, each cause of action may be dismissed for improper group pleading."); *Karupaiyan v. Tata Consultancy Servs.*, No. 22-1349, 2025 WL 2351073, at *4 (D.N.J. Aug. 12, 2025) (same).

Here, Plaintiff asserts most of her claims against "Defendant" or "Defendants" generally, without specifying which counts are asserted against which persons or entities. (*See, e.g.*, Am. Compl. *17 ¶ 52 ("Defendant unlawfully deprived Plaintiff of her parental rights and liberty interests[.]"); *id.* at *21 ¶ 25 ("By virtue of the foregoing, Defendants deprived special need minor Plaintiff of various rights[.]"); *id.* at *25 ¶ 45 ("Defendants breached the affirmative duty of care by substantially departing from the exercise of reasonable professional judgement [*sic*], practice[,]

and standards.").) Plaintiff's Amended Complaint, accordingly, must be dismissed without prejudice as an impermissible shotgun pleading.[4]

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (*see generally* IFP Appl., ECF No. 5) is granted. Plaintiff's Amended Complaint is dismissed without prejudice. The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 8/10/26

[4] The Court notes that Plaintiff is barred from asserting claims against Judge Higgins (and any other judges Plaintiff may be attempting to asserts claims against) based on rulings or other actions taken in their judicial capacity. *See Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) ("Absolute judicial immunity shields judges from liability for such acts[ taken in their official capacity.]"); *Figueroa v. Blackburn*, 208 F.3d 435, 443 (3d Cir. 2000) (noting that "judges of courts of limited jurisdiction[, such as municipal judges,] are entitled to the protection of the doctrine of judicial immunity"). Plaintiff's claims against Judge Higgins and other judges based on actions taken in their judicial capacity are therefore dismissed for this reason as well.